

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PRENTICE RUCKER, JR.,                        )        CASE NO. 1:05 CV 1208
                                             )
            Plaintiff,                       )        JUDGE DONALD C. NUGENT
                                             )
      v.                                     )
                                             )        MEMORANDUM OF OPINION
JOHN E. POTTER, POSTMASTER                   )        AND ORDER
      GENERAL,                               )
                                             )
            Defendant.                       )

      On May 11, 2005, Prentice Rucker, Jr. filed this in forma pauperis action against

John E. Potter, Postmaster General of the United States Postal Service (USPS) based on

discrimination in the work place. For the reasons stated below, this action is dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B).

*Background*

      The document which Mr. Rucker captions as his complaint states only that the

USPS discriminated against him based on "race, religion, age and etc." He asserts that a

"bombardment of discriminatory action[s] by management at Station B began in October of 2003

until June of 2004." (Compl. at 1.) He claims that as a result of USPS management and others

he felt compelled to resign from his position "on July 6, 2005."[1]

Attached to the complaint is a document captioned "EEO Appeal, Case #4C-440-0273-04." The document is the "Table of Contents" for the appeal Mr. Rucker filed with the E.E.O.C. Office of Federal Operations. The appeal is listed first on the Table as Postal Form (PS) 3573, Notice of Appeal dated February 14, 2005. The third item listed is a copy of the E.E.O.C.'s dismissal of his complaint and Notice of Right to Sue, dated January 13, 2005.

A review of the E.E.O.C.'s decision to dismiss Mr. Rucker's race, color, religion, age and retaliation complaint indicates that it was based on his failure to comply with the applicable time limits contained in 29 C.F.R. § 1614.105, and for failing to state a claim regarding an arbitration award. The E.E.O.C. provided an extensive explanation of its regulations, procedures and relevant case law regarding the issue of timeliness and plaintiff's failure to provide any evidence that he was not aware of the time limit for contacting an E.E.O.C. counselor.

In his complaint before this court, Mr. Rucker does not address the dismissal of his E.E.O.C. complaint or the basis upon which it was dismissed. Further, he does not address or explain why he filed this civil action on May 11, 2005 when the Notice of Right to Sue is dated January 13, 2005 and the Certificate of Service indicates that the Dismissal was sent to Mr. Rucker's post office box by certified mail on the same date.

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

---

[1] Considering the fact that the complaint was filed prior to July, 2005, this is obviously a typographical error which should read: "July 6, 2004."

2

364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), a district court shall dismiss an <u>in forma pauperis</u> claim under section 1915(e) if the claim is frivolous. A claim is frivolous if it lacks an arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990).

*Failure to State a Claim*
*Right-to-Sue Letter*

This action lacks an arguable basis in law. As a threshold matter, the Supreme Court has determined that filing a copy of the right-to-sue letter is insufficient to commence an action and does not toll the time period for filing a complaint. <u>See</u> <u>Baldwin County Welcome Ctr v Brown</u>, 466 U.S. 147, 151 (1984) (per curiam). Unlike the complaint in <u>Brown</u>, Mr. Rucker has filed more than a Notice of Right to sue in this court. However, given the paucity of facts alleged in the complaint (which the court will address below), the court and defendant are left to decipher from his E.E.O.C. appeal which issues he seeks to raise in his complaint before this court. The fact that his complaint simply sets forth discrimination based on "race, religion, age and etc." burdens the defendant to pick and choose which facts are relevant to his complaint and what relief he may be seeking. With no more explanation than the fact that he was discriminated against at work, this pleading cannot be deemed the commencement of a civil action. Furthermore, the fact that the court accepted the filing cannot be viewed as grounds for equitable tolling, because the Supreme Court in <u>Brown</u> rejected the very argument based on similar facts. <u>Id</u>. at 149-51.

Mr. Johnson does not disclose when he received the right-to-sue letter attached to the complaint. However, it is clear that there are more than 90 days between the January 13, 2005

3

date of the Notice and the date on which he filed his complaint in this court.   Thus, even if the pleadings were sufficient, he did not comply with requirement that complaint be filed within 90 days after receipt of his right-of-sue letter.

### Untimely Filing

In order to satisfy the prerequisites of an employment discrimination action, an aggrieved employee must file a timely charge of discrimination with the E.E.O.C. and act upon an E.E.O.C. right to sue letter. See Puckett v. Tennessee Eastman, Co., 889 F.2d 1481, 1486 (6th Cir.1989). If the claimant chooses to file a civil action under Title VII it must be filed within 90 days of the date of the right to sue letter from the E.E.O.C. See 42 U.S.C. § 2000e-5(f)(1); see also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co., 839 F.2d 1147, 1150 (6th Cir.1988). Although the time for filing a Title VII action is not jurisdictional, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Banks v. Rockwell Int'l N. Am. Aircraft Operations, 855 F.2d 324, 326 (6th Cir.1988), equitable tolling, waiver, or estoppel are available only in compelling cases which justify departure from established procedures. See Puckett, 889 F.2d at 1488.

Mr. Rucker  has not explained why he waited nearly five months from the date the Notice of Right to Sue letter before he commenced  this action.  Considering the fact that his original E.E.O.C. complaint was dismissed as untimely, there is every reason to believe he is aware that time limitations exist with which he must comply.  Although he does attach a copy of the appeal he filed in the E.E.O.C. Office of Federal Operations on February 14, 2005,[2] and all

---

[2]In reality, the 'complaint' is just a cover sheet to the Notice of Appeal petition Mr. Rucker filed.

4

the documents that support that appeal, his explanation to the E.E.O.C. regarding his untimely

E.E.O.C. charge fails to address the issue. He states, in relevant part: " I would like to reiterate

that the notice of dismissal states that issues raised in my complaint were untimely . . . My

response to that is 'far from the truth.' I have not made such an effort but merely to show the

continuos and progressive infliction of mental suffering at the hands of management, perpetrating

the deplorable act of discrimination by way of harassment." (E.E.O.C. Appeal at ¶20.)

Considering the circumstances outlined, equitable tolling of the 90-day limitations

period is unwarranted. Coleman v. John Thomas Batts, Inc., No. 98-1834,1999 WL 645420, at

*2 (6th Cir. Aug. 13, 1999). Thus, Mr. Rucker is not entitled to equitable tolling and his complaint

is dismissed.

### Conclusory Allegations

Even if Mr. Rucker were not time-barred, his complaint would fall short of Federal

Civil Rule 8 pleading requirements. Although the Supreme Court has clarified that, at the

pleading stage, a plaintiff is not required to allege facts to support a prima facie case of

discrimination, Swierkiewicz v. Sorema, 122 S.Ct. 992 (2002)(employment discrimination

complaint need not contain specific facts establishing a prima facie case under the McDonnell

Douglas [ v. Green, 411 U.S. 792 (1973)] framework), this holding did not eliminate the basic

tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which
> the court's jurisdiction depends. . . (2) a short and plain
> statement of the claim showing that the pleader is entitled
> to relief; and (3) a demand for judgment for the relief the
> pleader seeks.  Relief in the alternative or of several

5

different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Clearly, Mr. Rucker is claiming he was discriminated against based on, at least, his age, race and religion. What he does not claim is his status in any protected class or the relevant statutes upon which he is seeking relief from the court. Moreover, he does not set forth any prayer for relief in his pleading. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Despite plaintiff's conclusory assertion that he was unlawfully terminated, the allegations of the complaint do not set forth facts which support a claim of employment discrimination under Title VII. See, e.g., McDonald Douglas v. Green, 411 U.S. 792, 802 (1973). There is no reasonable suggestion that he was replaced with or that the defendant sought to replace him with a similarly qualified person who was not a member of his protected group. See Shah v. General Electric Co.,816 F.2d 265, 267-68 (6th Cir. 1987); Burton v. State of Ohio, 798 F.2d 164, 165 (6th Cir. 1986). This action is therefore

6

appropriately subject to dismissal under 28 U.S.C. § 1915(e).  See Parker v. Wal-Mart Stores, Inc., No. 97-6151, 1999 WL 183460, at *1 (6th Cir. Mar. 15 1999).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed as legally frivolous under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Donald C. Nugent 7/27/05

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE